UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER GENE OTTO,

Petitioner,

v.

MAGGIE MILLER-STOUT,

Respondent.

Case No. C07-5452RJB

REPORT AND RECOMMENDATION

**NOTED FOR: January 11, 2008**

This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Respondent has filed a motion to dismiss in lieu of an answer and argues the petition is time barred (Dkt # 23). Petitioner has responded and moves to strike the motion to dismiss. Petitioner's response does not address respondent's argument on the merits. After review of the file the court concludes this petition is time barred and should be dismissed with prejudice.

FACTS

Petitioner pled guilty to two counts of child molestation in the first degree and one count of rape of a child in the first degree in Clark County Superior Court. Petitioner had been charged with six counts of child molestation in the first degree and eight counts of child rape in the first degree and the plea agreement dismissed eleven of the counts in return for the plea of guilty (Dkt # 23, page 2).

Procedurally, Petitioner was sentenced on January 13, 1995, (Dkt. # 23, Exhibit 1). The sentence originally imposed a 454-month exceptional sentence, but, on May 2, 1995, an amended sentence of 324-month total confinement was entered (Dkt # 23, Exhibit 1(a)). A direct appeal was filed in Clark County Superior Court on February 1, 1995, (Dkt. # 23, Exhibit 2).

Petitioner through counsel raised three issues on direct appeal. All of the issues raised addressed the length of sentence and not the guilty plea. The issues raised were:

1. Does the "position of trust" aggravating factor of the SRA fail for lack of specific language dealing with sex offenses?

2. Do multiple incidents justify an exceptional sentence?

3. Was the sentence imposed "clearly excessive?"

(Dkt # 23, Exhibit 3, page 2). On June 11, 1996, the commissioner of the Washington State Court of Appeals affirmed the sentence (Dkt # 23, Exhibit 5). On June 21, 1996, counsel for petitioner filed a motion appealing the commissioner's ruling in the Washington State Court of Appeals (Dkt. # 23, Exhibit 6). An order denying the appeal was entered on August 21, 1996, (Dkt # 23, Exhibit 7). No motion for discretionary review was filed with the State Supreme Court. The Washington State Court of Appeals entered its mandate on December 2, 1996, (Dkt # 23, Exhibit 8). Thus the direct appeal did not exhaust any issue.

On August 4, 2000, almost four years after his direct appeal has been denied, Mr. Otto filed a personal restraint petition (Dkt # 23, Exhibit 9)[1]. On March 6, 2001, the Personal Restraint

---

[1] Respondent was not able to obtain this file and has submitted the Event Date Screen in lieu of the actual pleadings.

Petition was denied (Dkt. # 23, exhibit 9).

Four years after filing his first Personal Restraint Petition, petitioner attempted to have his sentence vacated and modified in Clark County Superior Court. His motion to vacate was filed August 24, 2004, (Dkt # 23, Exhibit 10). The motion was transferred to the Washington State Court of Appeals to be addressed as a Personal Restraint Petition on December 9, 2004, (Dkt # 23, Exhibit 11). On March 24, 2005, the Washington State Court of Appeals dismissed the petition and expressly found the petition was not timely (Dkt # 23, Exhibit 12, page3). Petition filed a motion for discretionary review April 15, 2005, (Dkt # 23, Exhibit 13). Petitioner raised the following issues:

1 Whether Blakely clearly being a significant change in the law should be held as an exception to the one-year time bar only if it applies retroactively?

2. Whether the Court of Appeals, Division II, decision that Blakely does not apply to petitioner's exceptional sentence violates Constitution Amendment VI?

(Dkt # 23, Exhibit 13). The Washington State Supreme Court commissioner denied review on October 4, 2005, (Dkt # 23, Exhibit 14). A motion to modify the commissioner's ruling was denied November 29, 2005, (Dkt # 23, Exhibit 16).

Petitioner filed another Personal Restraint Petition on February 16, 2006, (Dkt # 23, Exhibit 18)[2]. The petition was dismissed on December 8, 2006, with a specific finding that the petition was not timely (Dkt # 23, Exhibit 19). A motion for reconsideration was treated as a motion for discretionary review and denied January 12, 2007, (Dkt # 23, Exhibit 21). Petitioner's motion to modify that ruling was Denied July 11, 2007, (Dkt # 23, Exhibit 25).

The federal petition that is now before this court was then filed. Petitioner raises two ground for relief:

1. Whether the petitioner's SENTENCE was unlawfully obtained when it exceeds statutory authority? (emphasis in original).

2. Whether the defendant's conviction was unlawfully obtained constitutionally/non-

---

[2] Respondent was not able to obtain this pleading and has submitted the Event Date Screen in lieu of the actual pleading.

constitutionally, requiring reversal?

(Dkt # 1).

EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law and the case law he relies on was not made retroactive. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

DISCUSSION

One Year Statute of Limitations.

A one year statute of limitations was imposed under the1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's sentence became final August 21, 1996 when his direct appeal was denied. (Dkt. # 23, Exhibit 7). The one year statute of limitations ran From August 21, 1996 until August 21, 1997 without stop. When petitioner filed his first personal restraint petition on August 4, 2000, he was already time barred in federal court by nearly three years.

CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE**. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 11, 2008**, as noted in the caption.

Dated this 11 day of December, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate